B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Puerto Rico Electric Power Authority | Helen Quiñones De Jesús |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Corretjer LLC - 625 Ponce de León Ave. San Juan, PR 00917-4819 Tel.(787) 751-4618 | Ignacio García Franco PO Box 361844 San Juan, PR 00936 Tel. (787) 478-3379 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor  ☐ Other ☐ Trustee | ☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine dischargeability of debt, 11 USC sec. 523, Fed. Bank. R. 4007

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☑ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

Determination that debt for $39,571.14 is not dischargeable.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR <br> Helen Quiñones De Jesús || BANKRUPTCY CASE NO. <br> 20-00112 ||
| DISTRICT IN WHICH CASE IS PENDING <br> Puerto Rico (Old San Juan) || DIVISION OFFICE | NAME OF JUDGE <br> ESL |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE <br> June 4, 2020 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) <br> Rafael H. Ramírez Polanco |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>HELEN QUIÑONES DE JESÚS<br><br>Debtor | Case No. 20-00112 (ESL)<br><br>Chapter 13 |
| P.R. ELECTRIC POWER AUTHORITY<br><br>Plaintiff<br><br>v.<br><br>HELEN QUIÑONES DE JESÚS<br><br>Defendant | Adversary Proceeding No. _____<br><br>Re:  Determination of dischargeability of debt |

## COMPLAINT

TO THE HONORABLE COURT:

COMES NOW the Puerto Rico Electric Power Authority ("PREPA" or "Plaintiff"), through its undersigned counsel and, very respectfully, states and prays:

### I.   Jurisdiction and venue

1. The Honorable Court has jurisdiction over the present adversary proceeding pursuant to 11 U.S.C. §§ 105 and 523, 28 U.S.C. §§ 157 and 1334, and Fed. R. Bankr. P. 4007 and Part 7, Fed R. Bankr. P. 7001, et seq.  This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(I).

2. Venue is proper in this Honorable Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.   The Parties

3. PREPA is a governmental unit of the Commonwealth of Puerto Rico and a public corporation with its main offices located in San Juan, Puerto Rico[1].  PREPA's mailing address is

---

[1] Section 101(27) of the U.S. Bankruptcy Code defines "governmental unit," inter alia, as an instrumentality of a Commonwealth or a Territory. PREPA is an instrumentality of the Commonwealth of Puerto Rico. 22 L.P.R.A. § 193.

P.O. Box 363928, San Juan, P.R. 00936-3928. PREPA's telephone number is 787-521-4448. PREPA's fax number is 787-521-4440.

4. Helen Quiñones De Jesús ("Debtor" and/or "Defendant") is a natural person and the Debtor in the bankruptcy case of caption. Debtor's physical address is C 7 Blq A 16 3ra Ext Monte Brisas Fajardo, PR 00738, and her postal address is P.O. Box 1976, Fajardo, P.R. 00738-1976.

### III. Facts, allegations, and cause of action

5. PREPA was the supplier of electricity to a property owned by Debtor located at Ext Monte Brisas A-16 Calle 7, Fajardo, PR 00738 (the "Property").

6. PREPA is a creditor of Debtor.

7. Prior to the filing of Debtor bankruptcy petition, PREPA detected irregularities in the consumption of electric power ("irregularidades en el consumo de energía eléctrica" or "ICEE" for its Spanish acronym) under account #5926381000 in Debtor's name and which corresponds to the Property.

8. PREPA's investigation of the electrical facilities of the Property revealed that PREPA's meters and/or electrical facilities had been illegally bypassed, intervened, tampered with and/or manipulated in such a way that the actual amount of electric power being consumed was not properly registered, therefore causing the meter to register a reduced amount of electricity consumption.

9. As a result of the ICEE related to the Property, PREPA determined that $37,498.09 worth of electricity had been consumed without having been registered by the meter.

10. In addition to the $37,498.09 of unpaid electricity, PREPA charged to account #5926381000 an administrative charge or penalty of $573.05 and a fine of $1,500.00, both for the ICEE, for a total of $39,571.14.

11. On August 14, 2019, PREPA notified Debtor of the ICEE charges and informed Debtor of the remedies she had available if she wanted to contest the charges. Debtor did not contest the charges.

12. On September 18, 2019, Debtor met with PREPA to discuss the ICEE charges. At the end of the meeting, PREPA once again notified Debtor, by handing in a letter detailing the charges for the ICEE and the remedies she had available if it wanted to contest the charges. Once again, Debtor did not contest the charges.

13. Debtor owes PREPA the total pre-petition amount of $37,498.09 for undue use of electric power services arising from ICEE.

14. The amount of $37,498.09 owed by Debtor to PREPA is the result of Debtor having illegally intervened or tampered with and/or manipulated PREPA's meter and electric service facilities at Debtor's property.

15. Debtor's actions with regards to PREPA's meter and electrical facilities are not only illegal but also violate PREPA's General Terms and Conditions for the Supply of Electric Energy (the "GTCs") and are a breach of Debtor's representations to PREPA that she was going to comply with the GTCs.

16. Had PREPA known that Debtor's representations that she was going to comply with the GTCs were false and that Debtor was not going to comply with the GTCs and was going to break the law by bypassing, tampering, intervening, or manipulating PREPA's meter and electrical facilities, PREPA would not have supplied electricity to Debtor and/or her Property.

Therefore, Debtor's debt with PREPA for $37,498.09 is a result of Debtor's obtaining PREPA's property through false pretenses and false representations.

17. By bypassing, tampering, intervening, or manipulating PREPA's meters and electrical facilities, Debtor willfully and maliciously caused injury to PREPA and to PREPA's property, in the amount of $37,498.09. Said debt is also the result of Debtor committing larceny and illegally appropriating herself of PREPA's property, to wit, the electricity supplied by PREPA to Debtor and/or Debtor's property.

18. Debtor additionally owes PREPA $573.05 in administrative charges assessed by PREPA as a result of Debtor having illegally bypassed, intervened, tampered with and/or manipulated PREPA's meter or electrical facilities. The amount in administrative charges is not compensation for PREPA's actual pecuniary loss but rather serves a punitive and/or rehabilitative governmental aim.

17. Debtor's debt with PREPA for the total of $39,571.14 is not dischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (4), (6), and (7), as it is a debt for property and/or services obtained by Debtor through false pretenses, a false representation, or actual fraud and/or it is a debt that resulted from Debtor causing willful and malicious injury to PREPA and PREPA's property and/or a result of Debtor committing larceny and illegally appropriating herself of PREPA's electricity, and/or a debt for a fine, administrative charge, or penalty assessed by PREPA to Debtor payable to PREPA and for PREPA's benefit that is not compensation for PREPA's actual pecuniary loss and that is not a tax penalty and that serve a punitive and/or rehabilitative governmental aim, to wit, to discourage ICEE practices by PREPA's customers.

**WHEREFORE** PREPA respectfully requests from the Honorable Court that it grant PREPA's complaint and that it enter judgment in favor of PREPA and against Debtor to the effect that Debtor's debt with PREPA for $39,571.14 is not a dischargeable debt.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 4th day of June 2020.

**CERTIFICATE OF SERVICE:** I hereby certify that on June 4, 2020, I electronically filed a copy of the foregoing motion with the Clerk of the Honorable Court, using the CM/ECF system, which will send electronic notice of the motion to all CM/ECF interested participants, including counsel for Debtor.

CORRETJER, L.L.C.
*Attorneys for PREPA*
625 Ponce de León Ave.
San Juan, P.R. 00917-4819
Tel. 787-751-4618
Fax 787-759-6503

s/ Rafael H. Ramírez Polanco
Rafael H. Ramírez Polanco
USDC-PR No. 301114
rhr@corretjerlaw.com